# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

JAVON HENRY GARDNER                                                          PLAINTIFF
ADC #141217

V.                          No. 3:22-CV-00061-DPM-JTR

MATTHEW HECHT, Detention Officer,
Green County Detention Center, *et al*.                                    DEFENDANTS

## ORDER

Plaintiff Javon Henry Gardner ("Gardner"), a convicted prisoner in the Greene County Detention Center ("GCDC"), filed a *pro se* § 1983 Complaint alleging Defendants violated his constitutional rights. *Doc. 2*. Before Gardner may proceed with this action, the Court must screen his claims.[1]

Gardner alleges that, on January 24, 2022, Defendant Lieutenant Felisha Rowland ("Rowland") came into his barrack "telling all inmates there was a lot of trading happening inside the barracks." *Doc. 2 at 4*. Gardner alleges he tried explaining to Rowland "that inmates were only sharing with inmates that didn't have anything," but Rowland dismissed the explanation. *Id*. When Gardner attempted to

---

[1]The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

elaborate, she said she was not going to argue with him and slammed the barrack's door closed. *Id.*

A few minutes later, Gardner alleges he was told to "pack his property," which he understood to mean he was going to be placed in punitive segregation. *Id.* at 4-5. Shortly thereafter, Defendant Matthew Hecht ("Hecht") opened the door and "pointed the pepper-ball riot firearm at [him] … stating: "Pack your property or get shot with pepper-balls." *Id.* at 5. When Gardner asked what he had done, he was told: "You were arguing with an officer." *Id.*

After asking Hecht to turn his body camera on, Gardner alleges he turned and placed his hands on the wall, at which time "Hecht over-aggressively restrained [his] wrists in hand-cuffs and jacked his arms up behind him." *Id.* Gardner alleges that Defendant Dane Barnum ("Barnum") was with Hecht but failed to intervene, even as Hecht "r[a]n [Gardner] into the wall," before escorting him from the barracks to a punitive segregation cell. *Id.*

According to Gardner, Hecht led him into a segregation cell, then "aggressively slammed [him] on the floor while holding onto [his] cuffed writs, causing [him] wrist and elbow pain." *Id.* at 6. Again, Gardner alleges, Barnum witnessed this interaction, and "allowed [it] to take place." *Id.*

For the next several days, Gardner alleges that Hecht repeatedly approached his cell and point the "pepper-ball firearm" at him, without cause. *Id*. Gardner believes Hecht did this for racially discriminatory reasons. *Id. at 7*.

*For screening purposes only*, the Court concludes that Gardner has stated a viable excessive force claim against Hecht and a viable failure to intervene claim against Barnum. Accordingly, the Court will direct service on each of them.[2]

IT IS THEREFORE ORDERED THAT:

1. Gardner be ALLOWED TO PROCEED with his excessive force claim against Hecht and his failure to intervene claim against Barnum.

2. The Clerk is directed to issue a summons for Hecht and Barnum. The United States Marshal is directed to serve the summons, Complaint, and this Order, on each of them, at the Greene County Detention Center.[3]

DATED this 7th day of October, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Gardner's discrimination claim against Hecht and his First Amendment claim against Rowland will be addressed by separate Recommendation.

[3] If any Defendant is no longer an Greene County employee, the individual responding to service must provide a **sealed** statement with the unserved Defendant's last known mailing address.